GERARD R. O'MEARA, ESQUIRE
Bar No. 002434
Gust Rosenfeld, PLC
1 South Church Avenue, Suite 1900
Tucson, Arizona 85701-1620
(520) 628-7070
*gromeara@gustlaw.com*

Attorneys for Movant, Bank of America, N.A.

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| In re | Bankruptcy Case No. 0:09-bk-16271-RJH |
| LANCE S. ERLER and STACEY R. ERLER, | |
| Debtors. | |
| | Chapter 13 |
| BANK OF AMERICA, N.A., | |
| Movant, | MOTION FOR RELIEF FROM AUTOMATIC STAY |
| vs. | |
| LANCE S. ERLER and STACEY R. ERLER, Debtors; RUSSELL BROWN, Chapter 13 Trustee, | |
| Respondents. | |

Bank of America ("Movant"), hereby moves that the Court enter an Order granting Movant relief from the Automatic Stay of 11 U.S.C. §362(a) (1984) of 11 U.S.C. §1301(c)(3) to permit Movant to proceed with any actions necessary to take possession of a Collateral under Movant's Retail Installment Contract and to dispose of same in a commercially reasonable manner. The bases of the Movant's Motion are set forth in the Memorandum attached

1

hereto.

Respectfully submitted this 31st day of August 2009.

GUST ROSENFELD, P.L.C.

By /s/ Gerard R. O'Meara
GERARD R. O'MEARA, ESQUIRE
Attorney for Movant

MEMORANDUM

FACTS:

On or about July 14, 2009, Debtors filed their Chapter 13 Petition in Bankruptcy with this Court.

Prior to the filing of the Petition, on December 14, 2006, Debtors made, executed and delivered a Retail Installment Contract ("Contract") to Movant or its predecessor which bears interest as specified therein. The original Contract is held by Movant and a copy is attached hereto as **Exhibit "A"** and is incorporated by reference.

The indebtedness evidenced by the Contract is secured by a security interest in a 2006 PILGRIM PURESPORT Travel Trailer, **VIN#5L4FS382765026756** ("the Collateral") as evidenced by the State of Arizona Certificate of Title, a copy of which is attached hereto as **Exhibit "B"** and is made a part hereof.

The commercially reasonable fair market value of the subject Collateral is approximately $28,860.00, as evidenced by the N.A.D.A. Official Guide for Travel Trailers and Fifth Wheels, dated August 21, 2009, attached hereto as **Exhibit "C"** and made a part hereof.

Movant alleges that the automatic stay should be lifted for cause pursuant to 11 U.S.C. §362(d)(1) and 1301(c)(3) and that Movant lacks adequate protection of its interest in the Collateral as evidenced by the following:

(a) Debtor defaulted under the terms of the Contract by failing to make payments when due and owing thereunder;

(b) The Collateral, and the value of the Collateral, are in a state of decline and continue to decline; and

(c) Debtors failed to include this secured indebtedness in their Chapter 13 Plan and list it only as an Unsecured Nonpriority Claim in their Schedule F previously filed with this Court.

Debtor has failed to pay the monthly payments to Movant Creditor as set forth as follows:

| | |
|---|---|
| Payoff Balance: | $ 28,799.00 |
| <u>Post-Petition Delinquencies</u> | |
| Monthly Payments from June 2009 | $ 645.64 |
| Accrued interest as of August 21, 2009 | $ 717.88 |
| Attorneys' Fees and Costs | $ 550.00 |
| Total Post-Petition Delinquencies | $ 1,913.52 |

Movant has elected to initiate proceedings to dispose of the Collateral with respect to the subject Contract; however, Movant is precluded from proceeding to commence said action during the pendency of this Bankruptcy.

Based upon the foregoing, Movant alleges that Movant is not adequately protected, that the subject Collateral is not necessary to effectuate Debtors' rehabilitation, and that it would be unfair and inequitable to delay this Movant in taking possession of Movant's interest. Movant urges that this Court issue an Order herein permitting this Movant to proceed with any necessary action to dispose of Movant's interest in a commercially reasonable manner.

Movant has incurred attorney's fees in bringing this Motion and is entitled to reimbursement for these fees pursuant to its contract and in accordance with 11 U.S.C. §506(b).

Russell Brown has been appointed by this Court as the Chapter 13 Trustee in this instant Bankruptcy proceeding. By virtue of his position as Trustee of the estate of Debtors

herein, he administers Debtors' Chapter 13 Bankruptcy. To the extent the relief sought herein is granted, Russell Brown, Trustee, is bound by any such judgment.

This Court has jurisdiction over this action pursuant to the provisions of Title 28 U.S.C. Sections 1334 and 157 and 11 U.S.C. Sections 362(d) and 1301(c)(3).

Upon information and belief, it is alleged that the Collateral is not necessary to effectuate reorganization of Debtors; and that Debtors have no reasonable prospect of reorganization.

Upon information and belief, Movant's interest in the Collateral has not been adequately protected, nor has Movant been offered adequate protection.

REQUEST FOR RELIEF:

The Movant requests that the Court enter an Order relieving it from the Automatic Stay of 11 U.S.C. §362(a) (1984) to allow the Movant to proceed with any actions necessary to dispose of the subject Collateral in a commercially reasonable manner; or, in the alternative, to grant an Order providing Movant with adequate protection.

Respectfully submitted this 31st day of August 2009.

                GUST ROSENFELD, P.L.C.

                By: /s/ Gerard R. O'Meara
                GERARD R. O'MEARA, ESQUIRE
                Attorney for Movant

# SPECIAL NOTICE

## THE FOLLOWING NOTICE IS GIVEN TO YOU IN THE EVENT THAT THE FEDERAL FAIR DEBT COLLECTIONS ACT APPLIES TO THIS COMMUNICATION.

The following statement provides you with notice of certain rights which you may have by law. <u>Nothing in this statement modifies or changes the hearing date or response time specified in the attached documents</u> or your need to take legal action to protect your rights in this matter. No provision of the following statement modifies or removes your need to comply with local rules concerning the attached documents.

### CONSUMER DISCLOSURE

This communication is made in an attempt to collect on a debt or judgment and any information obtained will be used for that purpose. Please be advised that if you notify Bank of America, N.A.'s attorneys in writing within 30 days that all or a part of your obligation or judgment to Bank of America, N.A. is disputed, then Bank of America, N.A.'s attorneys will mail to you a written verification of the obligations or judgment and the amounts owed to Bank of America, N.A. In addition and upon your written request within 30 days, you will be provided with the name and address of the original creditor, if different from the current creditor.