GERARD R. O'MEARA, ESQUIRE
Bar No. 002434
Gust Rosenfeld, PLC
1 South Church Avenue, Suite 1900
Tucson, Arizona 85701-1620
(520) 628-7070
gromeara@gustlaw.com

Attorneys for Movant, Bank of America, N.A.

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| In re | ) | Bk. No. 0:09-bk-16271-RJH |
| | ) | |
| LANCE S. ERLER and STACEY R. ERLER, | ) | Chapter 13 |
| | ) | |
| | ) | AMENDED |
| Debtors. | ) | OBJECTION TO PROPOSED |
| | ) | AMENDED CHAPTER 13 PLAN |
| BANK OF AMERICA, N.A., | ) | AND CONFIRMATION THEREOF |
| | ) | |
| Movant, | ) | Confirmation Hearing - |
| vs. | ) | Date :  (NOT YET SET) |
| | ) | Time : |
| LANCE S. ERLER and STACEY R. ERLER, | ) | Place: U.S. Bankruptcy Court |
| Debtors; RUSSELL BROWN, | ) | |
| Chapter 13 Trustee, | ) | Phoenix, Arizona |
| | ) | |
| Respondents. | ) | |
| | ) | |

BANK OF AMERICA, N.A. ("Movant" herein), a secured creditor in the above-entitled Bankruptcy proceeding, by and through its attorney undersigned, hereby objects to the Amended Chapter 13 Plan filed in this matter by the above-named Debtors for the reasons set forth below.

1.      On July 14, 2009, (the "Petition Date") Debtors commenced their above-

1

captioned Chapter 13 case and filed a Chapter 13 Plan. Thereafter, on September 16, 2009, Debtors filed their Amended Chapter 13 Plan.

2.      On or about December 14, 2006, Debtors executed a Retail Installment Contract/Security Agreement for the purchase of the Collateral described as a 2006 Pilgrim Puresport Travel Trailer, **VIN# 5L4FS382765026756** (hereinafter the "Collateral").

3.      Bank of America, N.A., is the owner and holder of that Retail Installment Security Agreement (the "Agreement"), covering the Collateral described above. A true and correct copy of the Agreement is attached hereto as Exhibit "A" and incorporated herein by reference. A true and correct copy of the Certificate of Title issued by the State of Arizona Motor Vehicle Department, evidencing Movant's lien regarding the Collateral, is attached as Exhibit "B".

4.      The total amount due and payable to Movant is $28,799.00, plus interest and late fees, as of June 2009, and Debtors have been in default to Movant on the loan payments since then. Movant's secured claim should be treated fairly under Debtors' Plan.

5.      Debtors' Plan seeks to cram down Movant's secured claim by paying $23,940.00 for the Collateral with no interest at all. This bankruptcy case and the Amended Plan, however, were not proposed in good faith. Confirmation of the Amended Plan must be denied. The fair market value of the Collateral is not less than $28,860.00 as evidenced by the NADA Vehicle Pricings & Information Guide dated August 21, 2009, incorporated herein as Exhibit C; further, the financing of such a purchase, given the risk attendant to such purchase, requires that Debtors pay reasonable interest which Movant believes is not less than 7.25% in this market.

6.      As to the interest to be paid under the Debtors' Plan, in the Ninth Circuit, the proper interest rate to be paid in a situation such as this is the market rate. See In re Camino Real Landscape Maintenance Contractors, 818 F.2d 1503, 1506 (9th Cir. 1987) (interpreting 11 U.S.C. Section 1129 (b)(2)(A)(i)(II): In re Welco Industries, Inc., 60 Bankr. 880, 882 (Bankr. 9th

2

Cir. 1986).

7.     The Plan should also pay Movant adequate protection payments for each month this bankruptcy is pending to adequately protect Movant for the diminution in the value of the Collateral.

For the foregoing reasons, Movant respectfully requests that the Court deny confirmation of Debtors' Amended Chapter 13 Plan or order that the Chapter 13 Plan be amended yet again to more accurately reflect payment of Movant's secured claim as set forth herein.

CONCLUSION

Any Chapter 13 Plan proposed by the Debtors must provide for and eliminate the objections specified above in order to be feasible and to provide adequate protection to this objecting Secured Creditor.

WHEREFORE, Movant prays as follows:

(1) That confirmation of the Debtors' proposed Amended Chapter 13 Plan be denied.

(2) For such other relief as this Court deems proper.

DATED this 6th day of October 2009.

GUST ROSENFELD, PLC

By /s/ Gerard R. O'Meara
GERARD R. O'MEARA, Esq.
Attorney for Secured Creditor
Bank of America, N.A.

3