Jeffrey A. Goldberg, State Bar No. 011496
**BRUNO, BROOKS & GOLDBERG, P.C.**
730 East Beale Street
Kingman, Arizona 86401-5923
Telephone: (928) 753-6115
e-mail: bbglawjeff@frontiernet.net

Attorney for Linda Aydelott, Ralph White,
Dennie Glass, Rita Glass, Jackson Theis,
Gary Holman and Celeste Holman

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

## UNITED STATES BANKRUPTCY COURT

### DISTRICT OF ARIZONA

In Re:

LANCE S. ERLER and STACEY R. ERLER,

Debtor.

_____

LINDA AYDELOTT, RALPH WHITE, DENNIE
GLASS, RITA GLASS, JACKSON THEIS,
GARY HOLMAN and CELESTE HOLMAN,

Movants

v.

LANCE S. ERLER and STACEY R. ERLER;
and, RUSSELL BROWN, Chapter 13 Trustee,

Respondents.

Chapter 13 Proceedings

**No: 0:09-bk-16271-RJH**

**MOTION FOR RELIEF FROM
THE AUTOMATIC STAY**

Pursuant to 11 U.S.C. § 362(d) and Bankruptcy Rule 4001, Linda Aydelott, Ralph

White, Dennie Glass, Rita Glass, Jackson Theis, Gary Holman and Celeste Holman

(collectively, "Lenders"), secured creditors, move the Court for an Order Modifying the Automatic Stay and all other stays and injunctions against lien enforcement, to permit Lenders to enforce their rights as secured creditors in certain real property of Debtors described in this Motion.

This motion is supported by the following:

1.     This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 157(b)(2)(G) and § 1334.

2.     This is a core proceeding under 28 U.S.C. § 157(b).

3.     This is a contested matter pursuant to Bankruptcy Rule 9014.

4.     Debtor filed this Chapter 13 Bankruptcy on or about July 14, 2009 and Russell E. Brown was appointed Chapter 13 Trustee.

5.     Lance S. Erler and Stacey R. Erler (the "Debtors") are indebted to Lenders pursuant to the terms of a Note Secured By First Deed of Trust (the "Note") dated June 22, 2007 executed by the Erlers in favor of Lenders or their predecessors in interest in the original principal amount of $715,000.00.  The Note is secured by a Deed of Trust And Assignment Of Rents (the "Deed of Trust") recorded on July 19, 2007 in Book 6889, Page 137, Official Records of Mohave County, Arizona, which is a properly perfected first lien on real property (the "Property") consisting of land and improvements located at 1520 Acoma Lane, Lake Havasu City, Arizona described as follows:

**Lot Fifteen (15), Block Six (6), Tract 2290, Lake Havasu City, Arizona, according to the plat thereof recorded December 18, 1972, at Fee No. 72-27116, in the office of the County Recorder of Mohave County, Arizona.**

True copies of the Note and Deed of Trust are attached hereto as Exhibits "A" and "B" respectively, and are incorporated herein by this reference.

6.      Debtors defaulted under the Note due to their failure to pay interest-only installments of $6,554.15/month on November 1, 2008 and on the 1st day of each month thereafter.   Due to Debtors' defaults, Lenders commenced a Trustee's Sale of the Property under the Deed of Trust. Due to the filing of this case, Lenders' Trustee's Sale has been postponed from time to time in accordance with Arizona law.

7.      As of July 15, 2009, Debtors owed Lenders the total sum of $866,727.61 under the Note, including default interest from November 1, 2008, accruing late charges and attorney's fees and costs incurred by Lenders through said date. A detailed statement of the amounts due is attached hereto as Exhibit "C" and incorporated herein by this reference.

8.      Lenders are entitled to relief from the automatic stay under 11 U.S.C. § 362(d)(1) for cause, which includes, without limitation, Debtors' failure to make any post-petition payments to Lenders and Debtors' failure to pay real property taxes on the Property for the first half of 2009 in the amount of $9,405.99, which became delinquent after November 1, 2009.

9.      Lenders are further entitled to relief from the automatic stay under 11 U.S.C. § 362(d)(2) because, upon information and belief, there is no realizable equity in the Property for the benefit of the Estate and said property is not necessary to an effective reorganization of Debtors.

Based upon the foregoing, Lenders request that this Court enter an Order modifying and conditioning the automatic stay of 11 U.S.C. § 362, and all other stays and injunctions against lien enforcement, to permit Lenders to exercise their remedies as secured creditors in the Property in accordance with applicable non-bankruptcy law.

DATED this 10th day of November, 2009.

BRUNO, BROOKS & GOLDBERG, P.C.


             /s/
           Jeffrey A. Goldberg
           Attorney for Lenders

**COPY** of the foregoing mailed this 10th day
of November, 2009, to the following:

Jennifer Lee Montante
1788 Highway 95, Suite 22
Bullhead City, AZ  86442

Lance S. and Stacey R. Erler
2935 Maricopa Ave, PMB 190
Lake Havasu City, AZ  86406

Russell Brown, Esq.
Chapter 13 Trustee
3838 North Central Avenue, Suite 800
Phoenix, Arizona  85012-1965

Office of the US Trustee
230 N. First Avenue, Suite 204
Phoenix, Arizona 85003

By:   /s/
    J.J. Thornton